ENTERED
DEC 7 2006
K.R.W.

FILED
__O'clock & __ min. M
DEC - 7 2006
United States Bankruptcy Court
Columbia, South Carolina (19)

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 06-01499-JW |
| Worldwide Wholesale Lumber, Inc. d/b/a Veracor Wood Products International, | **ORDER**<br><br>Chapter 7 |
| Debtor. | |

This matter comes before the Court upon the Application for Authorization to Employ Nexsen Pruet Adams Kleemeier, LLC (the "Application") as Special Counsel to the Chapter 7 Trustee and AGM II LLC's objection (the "Objection") thereto. The Objection seeks denial of the Application. After hearing the parties' arguments, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052.[1]

## FINDINGS OF FACT

1. On April 12, 2006, the Tianjin Mills, Jack B. Hoy, Inc., and Nelson Sales & Marketing Co., Inc. (collectively, the "Petitioning Creditors") filed an involuntary petition against Worldwide Wholesale Lumber, Inc. d/b/a Veracor Wood Products International ("Debtor") for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. §§101 *et. seq.*)

2. On April 13, 2006, Debtor filed its Consent to Entry of Order for Relief, thereby consenting to entry of an order for relief under Chapter 7 of the Bankruptcy Code.

3. On April 18, 2006, the Court entered its Order for Relief under Chapter 7 and Order to File Statements and Schedules in the case.

4. On April 18, 2006, Michelle L. Vieira was appointed as the Chapter 7 Trustee (the "Trustee") to administer the bankruptcy case.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

5. Nexsen Pruet Adams Kleemeier, LLC ("Nexsen Pruet") has appeared on behalf of Tianjin Jinnan Dist. Tongmei Timber Co. Ltd., Wenan Zinda Wood Industry Co., Ltd., Jiaxing Hengtong Wood Co., Ltd., Zaozhuang Hongrun Wood Co., Ltd., Shanghai Aviation Import and Export Co., Ltd, Shanghai Lian IMP, and EXP. CORP., Xuzhou Quianfan Imp. & Exp. Corporation and Xuzhou Xinxin Timber Co., Ltd. (collectively, the "Chinese Mills"), which are creditors and parties in interest in this case. Nexsen Pruet has represented two of these creditors in the civil action captioned as *Tianjin Jinnan Dist. Tongmei Timber Co., Ltd. and Wenan Xinda Wood Industry Co., Ltd. v. Worldwide Wholesale Lumber, Inc., and AGM II LLC*, Case No. 9:06-CV-0516, filed on February 21, 2006 in the United States District Court for the District of South Carolina (the "District Court Action"). The District Court Action is currently pending, but is stayed due to this bankruptcy case.

6. The Trustee proposes to employ Nexsen Pruet to assist her in pursuing potential causes of action against AGM II, LLC ("AGM"), a creditor and party in interest in this case. More specifically, the Trustee seeks to employ Nexsen Pruet as special counsel to assist her in further review and analysis of potential claims the estate may have against AGM, and if warranted, to pursue litigation against AGM on those claims for the benefit of the estate.

7. Pursuant to her agreement with Nexsen Pruet, the Trustee indicated that Nexsen Pruet will bill the Trustee at its customary hourly rates for its services rendered in connection with its representation as special counsel to the Trustee in this case. Actual compensation of Nexsen Pruet shall be set by the Court pursuant to 11 U.S.C. § 330(a) and, therefore, may be different from the terms of compensation agreed upon by the Trustee and Nexsen Pruet.

8. At the hearing on the Application, the Trustee represented that Nexsen Pruet has actively participated in this bankruptcy case in its representation of certain creditors and parties in interest and is familiar with the issues in this case.

9. On October 16, 2006, the Trustee filed the Application.

10. AGM filed an objection to the Application on October 20, 2006. AGM seeks denial of the Trustee's Application on the following grounds: (1) Nexsen Pruet currently represents multiple creditor interests that are directly adverse to Debtor's estate, and (2) Nexsen Pruet has an "actual conflict" with Debtor. At the hearing on the Application, AGM further argued that because Nexsen Pruet has filed documents on behalf of the Chinese Mills, Local Rule 9010-1(d) requires Nexsen Pruet to continue to represent the Chinese Mills until the Court issues an order allowing Nexsen Pruet to withdraw from its representation.

11. On November 22, 2006, Nexsen Pruet filed a Motion for Entry of Record Confirming Termination of Legal Representation, requesting an order confirming that it no longer represents the Chinese Mills and to the extent that any question remains as to the termination and release from representation, moving to be relieved as counsel. At the hearing on the Application, Nexsen Pruet represented to the Court that its representation of the Chinese Mills has been terminated and it has also filed a motion to be relieved as counsel in the District Court Action.

12. An order was entered on December 4, 2006 in the District Court Action granting Nexsen Pruet's motion to be relieved as counsel.

## CONCLUSIONS OF LAW

The Bankruptcy Code provides the Court with broad discretion regarding the employment of professionals to work on behalf of the estate. Harold & Williams Dev. Co. v. United States Trustee (In re Harold & Williams Dev. Co.), 977 F.2d 906, 909 (4th Cir.

3

1992)(citing In re Martin, 817 F.2d 175, 182 (1st Cir. 1987)). However, the Court is instructed, within the confines of the Code, to exercise its discretion by taking into account "the facts of a particular bankruptcy case and the overall objectives of the bankruptcy system." Id. at 10. Thus, the Court shall examine the factual circumstances unique to this case in order to determine the merits of AGM's objection to the Application.

*Section 327*

Section 327 provides the applicable standards in determining whether Nexsen Pruet may serve as special counsel to the Trustee. In re Dunes Hotel Assocs., No. 94-75715-W, 1997 WL 33344280, at *6 (Bankr. D.S.C. Dec. 15, 1997)("Employment of professionals by trustees and debtors in possession is governed by 11 U.S.C. § 327")). Section 327(a) makes clear that a Trustee may employ counsel that (i) does not hold or represent an interest adverse to the estate and (ii) is disinterested. 11 U.S.C. § 327(a). See also In re Dunes Hotel Assocs., 1997 WL 33344280, at *6; In re Johnson, 312 B.R. 810 (E.D. Va. 2004). "Holding an interest adverse to the estate" and "representing an interest adverse to the estate" is defined as follows:

> [T]o hold an interest adverse to the estate means (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival or claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.
> To represent an adverse interest means to serve as an agent or attorney for any individual or entity holding such an adverse interest.

In re Air South Airlines, Inc., No. 97-07229-W, 1998 WL 34020727, at *7 (Bankr. D. S.C. Jan. 18, 1998) (citing In re Roberts, 46 B.R. 815, 827 (Bankr. D. Utah 1985), *aff'd in part and rev'd in part on other grounds*, 75 B.R. 402 (D. Utah).

AGM first argues Nexsen Pruet represents an adverse interest warranting disqualification under § 327(a) because there is potential of litigation, either by way of a claims objection or an

4

avoidance power action, between the estate and the Chinese Mills.[2] The Trustee stated at the hearing that after a detailed review, she is not aware of any causes of action the estate should initiate against the Chinese Mills. The Trustee further argued that the Chinese Mills' interests are aligned with the Trustee, because, as unsecured creditors destined to share equally in distribution with others in that class, they share the Trustee's interest in maximizing distribution. Considering the evidence presented, the Court is not convinced at this time that an adverse interest exists based on these grounds that should prohibit the employment under § 327(a).[3]

At the time of the filing of the Application, Nexsen Pruet represented the Chinese Mills as creditors in this case and two of the Chinese Mills as Plaintiffs in the District Court Action. However, on December 4, 2006, the District Court granted Nexsen Pruet's motion to be relieved as counsel in the District Court Action. Additionally, Nexsen Pruet has asked this Court to allow it to withdraw from its representation of the Chinese Mills because its representation has ended. By separate order, that motion will be granted. The termination of Nexsen Pruet's representation of the Chinese Mills appears to have eliminated any adverse interest that existed at the time of the filing of the Application. Accordingly, the requirements of § 327(a) appear to be satisfied. However, even if Nexsen Pruet's representation of these creditors was not previously terminated, § 327(c) governs the employment of an attorney who represents a creditor and provides a limited exception to the general rule of § 327(a). In re Dunes Hotel Assocs., 1997 WL 33344280, at *7.

Section 327(c) provides that a person is not disqualified for employment solely because of such person's employment by or representation of a creditor, unless another creditor or the United States Trustee objects. If such an objection is made, the Court is to disapprove the

---

[2] AGM does not argue the lack of disinterestedness.
[3] AGM also expressed concern that the employment of Nexsen Pruet on an hourly basis, as opposed to a contingent fee basis, may not be in the estate's best interest. The Court's retention of the ability to review compensation on an ongoing basis and upon objection by a party in interest mitigates that concern. Additionally, the Trustee maintains that in her judgment, employment under these terms is in the estate's best interest.

5

employment if there is an actual conflict of interest. Id. Accordingly, § 327(c) allows the trustee to employ a creditor's attorney so long as the dual representation presents no actual conflict of interest. In re Johnson, 312 B.R. at 820. See also In re ImageWorks, the Idea People, Inc., No. 00-06576, slip op. at 4 (Jan. 8, 2001)(Waites, B.J.)(authorizing Trustee's employment of attorney who also currently represented a creditor on the grounds that no actual conflict existed)

In this matter, because § 327(c) may apply in this case and AGM, a creditor, has objected to the Trustee's Application, the Court must determine whether there is an actual conflict of interest. The term "actual conflict of interest" is not defined in the Bankruptcy Code. Courts have been reluctant to set forth a bright line rule as to when an alleged conflict warrants disqualification under §327 (c). See In re Johnson, 312 B.R. at 822 (citing In re BH&P, Inc., 929 F.2d 1300, 1315 (3d Cir. 1991). Nevertheless, some courts have concluded that an alleged conflict of interest exists where there is "active competition between two interests, in which one interest can only be served at the expense of the other." Id. An actual conflict of interest in a case where an attorney is employed by both the trustee and a creditor would exist where (1) the interests of the trustee and the creditor are directly conflicting or (2) the creditor is afforded a preference that is denied to the other creditors. Id. The objecting creditor has the burden of proving an actual conflict of interest. In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc. 189 B.R. 874, 880 (Bankr.E.D.N.Y. 1995)(citing In re Flanigan's Enterprises, Inc. 70 B.R. 248, 250-51 (Bankr.S.D.Fla.1987)).

Having considered the arguments and evidence presented in this case, the Court finds that AGM has failed to prove that an actual conflict presently exists that would prohibit the Trustee's employment of Nexsen Pruet.[4] However, a potential conflict cannot be entirely ruled out. The

---

[4] The District Court's December 4, 2006 order granting Nexsen Pruet's motion to be relieved as counsel in the District Court Action eliminated any actual conflict that may have existed at the time of the hearing on this matter.

6

Court recognizes that the employment of professionals with a potential conflict of interest should be disfavored. As the court in In re BH&P, Inc., stated, "the terms 'actual' and 'potential' conflict merely describe different stages in the same relationship." 103 B.R. 556, 563 (Bankr. D. N.J. 1989). The Court, however, believes that the decision of whether to approve the employment of a person who has a "potential" as opposed to an "actual" conflict is solely within the Court's discretion.

Based upon the information presently before the Court, the Court finds that the Application to employ Nexsen Pruet should be approved. But the Court notes that Nexsen Pruet bears the ultimate responsibility to promptly report to the Court all relationships and potential divergence of interests between Debtor, the Trustee, Nexsen Pruet, and any other party in interest. Likewise, Debtor and the Trustee bear a continuing responsibility to promptly report to the Court any divergence or conflict of interest of Nexsen Pruet that may develop or become apparent.

*Local Rule 9010-1(d)*

At the hearing on this matter, counsel for AGM argued that Local Rule 9010-1(d) prevents the Trustee from employing Nexsen Pruet because Nexsen Pruet is currently the responsible attorney of record for the Chinese Mills. Local Rule 9010-1(d) provides that "any attorney who files documents on behalf of a debtor or a party in interest shall remain the responsible attorney of record for all purposes including the representation of the party at all hearings and in all matters that arise in conjunction with the case. The Court may permit counsel to withdraw from representation of a party upon motion." Nexsen Pruet filed a Motion for Entry of Record Confirming Termination of Legal Representation on November 22, 2006. The Motion

7

indicates that the Chinese Mills had previously consented to the termination of Nexsen Pruet's representation of them in this case. No evidence was offered to contradict that representation.

The Court finds that the employment of Nexsen Pruet appears to have been terminated and Nexsen Pruet has been released from its representation of the Chinese Mills. No further hearing on that matter is necessary.

For the foregoing reasons, it is hereby **ORDERED** that the Objection by AGM is overruled and the Application for Authorization to Employ Nexsen Pruet Adams Kleemeier, LLC, as Special Counsel to the Chapter 7 Trustee is approved. All compensation to be paid to Nexsen Pruet shall be subject to review by the Court pursuant to 11 U.S.C. § 330.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
December 7, 2006