ENTERED
APR 6 2007
K.R.W.

FILED
APR 6 2007
United States Bankruptcy
Columbia, South Carolina

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 06-01499-JW |
| Worldwide Wholesale Lumber, Inc. d/b/a Veracor Wood Products International, | **ORDER** |
| Debtor. | Chapter 7 |

This matter is before the Court upon the Motion of AGM, II, LLC ("AGM") to Compel Chapter 7 Trustee's Compliance with February 12, 2007 Order ("Motion"). Michelle L. Vieira, as Chapter 7 Trustee ("Trustee"), filed an objection to the Motion. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). The Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, made applicable to this proceeding pursuant to Federal Rule of Bankruptcy Procedure 7052.[1]

## FINDINGS OF FACT

1. On June 13, 2006, AGM filed its Motion for Allowance of Claim and to Compel Payment Thereof ("Allowance Motion") seeking to allow AGM's proof of claim and compelling Trustee to pay the secured portion of the claim along with the proceeds from the sale of goods by AGM, which it purchased from Debtor.

2. Trustee objected to the Allowance Motion on grounds that she did not have sufficient documents from AGM to support the allowance of the claim and that the claim may be subject to subordination or disallowance. Trustee did not formally seek to raise the issue of subordination or reclassification of AGM's claim in response to the Allowance Motion but rather asserted that these issues should be determined by way of a later adversary proceeding.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

3. After the parties completed discovery, a hearing on the Allowance Motion was held January 8, 2007. AGM and the Trustee each focused on the mathematical calculation of AGM's claim and the Trustee provided evidence from an expert discounting AGM's computation of its claim.

4. On February 12, 2007, the Court entered an order and corresponding judgment allowing AGM's claim and compelling Trustee to turnover all funds held in an escrow account to AGM ("Order") because such funds were either property of AGM, as proceeds from the sale of collateral it purchased from Debtor, or funds fully encumbered by AGM's security interest.

5. On February 12, 2007, subsequent to the entry of the Order, Trustee filed an adversary to subordinate or reclassify AGM's claim.

6. On February 22, 2007, Trustee filed a motion to alter or amend the Order ("Trustee's Motion") pursuant to Fed. R. Bankr. P. 9023 on grounds that newly discovered evidence indicates that AGM participated in a fraud that would preclude the payment of AGM's claim. Trustee also requests that the Order be held in abeyance and the funds due AGM be deposited into the Court pursuant to Fed. R. Bankr. P. 7067. By agreement of the parties, a hearing on Trustee's Motion is scheduled for April 18, 2007.

7. The Court has not stayed the Order.

8. AGM filed the Motion on March 12, 2007 seeking to compel Trustee to comply with the Order and remit the funds in her escrow account to AGM. AGM also seeks to compel Trustee to pay AGM's fees and costs associated with the Motion.

9. Trustee responded to the Motion on March 26, 2007 and generally contends that unlawful conduct by AGM should prohibit payment to AGM, that the Trustee's Motion affects the finality of the Order, and that the Order should otherwise be stayed pursuant to 11 U.S.C. § 105(a).

2

## CONCLUSIONS OF LAW

The Order clearly required Trustee to turnover to AGM all funds held in escrow for AGM. Trustee's Motion pursuant to Fed. R. Bankr. P. 9023 does not stay the effect of the Order or the ability of AGM to execute on the Order. See Brinn v. Tidewater Trans. Dist. Comm., 113 F.Supp.2d 935, 939-940 (E.D. Va. 2000) (aff'd 343 F.3d 227 (4th Cir. 2001)); Marcelletti & Son Const. Co. v. Millcreek Tp. Sewer Authority, 313 F.Supp. 920, 925 (W.D. Pa. 1971) (finding the pendency of a Rule 59 motion does not prevent execution); Van Huss v. Landsberg, 262 F.Supp. 867, 868 (W.D. Mo. 1967) (same); 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2903 (2d ed. 1995). Trustee has not obtained a stay of the Order and therefore the Trustee is obligated to comply with the Order. See Brinn, 113 F.Supp.2d at 939-940. See also, Martin-Trigona v. Joel P. Bennett, P.C., 877 F.2d 60, 1989 WL 64126 (4th Cir. 1989) (unpublished) (citing Van Huss and Marcelletti and finding a post-trial motion under Rule 59 does not automatic suspend the authority of a party to record the judgment in state court); Arnold v. Jones, Bee 104, 1 F.Cas. 1180 (D.C.S.C. 1798) (No. 559) (noting, under the Judiciary Act of 1793, that execution may only be stayed on application to the court after posting security, otherwise justice would be delayed for plaintiff by successive motions for a new trial).

Trustee argues that her motion under Rule 59 suspends the "finality" of the Order. This proposition is often repeated in case law but the suspension of the finality of a judgment generally goes only to the time for appeal and the recovery of costs under Rule 54(d). See Stone v. INS, 514 U.S. 386, 402-403, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (explaining that a Rule 59(e) motion "toll[s] the running of the time for appeal"); Javetz v. Board of Control, Grand Valley State University, 164 F.R.D. 447 (W.D. Mich. 1996) (finding a timely motion under Rule 59 suspends the time to make a motion under Rule 54(d)); International Center for Technology Assessment v.

Leavitt, 468 F.Supp.2d 200, 205 (D.D.C. 2007) (same); David G. Knibb, FEDERAL COURT OF APPEALS MANUEL § 10.1 (4th ed. 2006) (stating "[s]ometimes such motions are described as 'suspending the finality of the judgment,' but all they suspend is the appeal period.") (citations omitted). The Order is not suspended for purposes of execution or the requirement that Trustee comply with her obligation under the Order to turnover funds in her escrow account to AGM. See Brinn, 113 F.Supp.2d at 939-940; 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2903 (2d ed. 1995); David G. Knibb, FEDERAL COURT OF APPEALS MANUEL § 21.3 (4th ed. 2006). See also, U.S. Manufacturers Equip. Company v. Rugh, 29 F.Supp. 40 (W.D. Pa. 1939) (implying that bankruptcy trustees may be compelled to comply with a turnover order following the ten day stay of the order). To hold otherwise would render Rule 62 superfluous as no stay would be necessary if a post-trial motion under Rule 59 automatically stayed the effect of an order and judgment until the motion was ruled upon. See In re Tetracycline Cases, 107 F.R.D. 719, 727 (W.D. Mo. 1987) (holding any interpretation that would make a federal rule superfluous is to be avoided).

Finally, Trustee, by way of defense to the Motion, requests that the Motion be denied or the Order be stayed pursuant to 11 U.S.C. § 105 based upon the alleged wrongful conduct of AGM, which Trustee asserts supports her motion under Fed. R. Bankr. P. 9023. The alleged wrongful conduct by AGM has not, at this point, been demonstrated and is the subject of an adversary brought by Trustee following the entry of the Order. Though the issue of AGM's conduct has be alluded to throughout this contested matter, Trustee made an objective decision to not join issues concerning conduct of AGM that may invalidate, subordinate, or otherwise reclassify AGM's claim within the claims allowance proceeding. Trustee, without a more sufficient showing, should

4

not now be able to generally allege wrongful conduct by AGM to prevent AGM from receiving that which it is entitled to receive under an order of this Court.

Therefore, the Court also declines to exercise its equitable powers under 11 U.S.C. § 105(a) to stay the Order.[2] In a similar case, a bankruptcy court in West Virginia declined to invoke its equitable powers under § 105 to prohibit proceeds from the sale of a debtor's asset from being distributed to a debtor's wife based upon the alleged wrongful conduct by the debtor and his wife. See In re Ball, 2007 WL 293778 at * 7. The court in Ball, in refusing to stay the transfer of proceeds, noted that despite the allegations of fraud, there was "no adjudication of wrongdoing or avoidance" and not a sufficient record to impose a preliminary injunction. See id. At **7-9. Based upon the limited record before the Court, the Court does not believe that staying the Order is necessary to carry out provisions of the Bankruptcy Code since it would prevent AGM from receiving property due to it under the prior Order.[3] See In re Premier Automobile Services, Inc., 343 B.R. 501, 515 (Bankr. D. Md. 2006) (finding that 11 U.S.C. § 105(a) does not grant the court "a roving commission to do equity" but the power is limited to carrying out provisions of the Bankruptcy Code) (citations omitted); Ball, 2007 WL 293778 at * 7 (finding an insufficient basis to prohibit the transfer of proceeds otherwise due under the Bankruptcy Code where there was only allegations of wrongful conduct).

The Court declines, at this point, to award AGM its attorney's fees and costs incurred in bringing the Motion. AGM may renew this request if the Court denies Trustee's Motion.

---

[2] It appears that a stay under Fed. R. Bankr. P. 7062 is not available since this is a contested matter. See Fed. R. Bankr. P. 9014; 10 Lawrence P. King, COLLIER ON BANKRUPTCY ¶ 7062.03, at 7062-1 – 7062-5 (15th ed. 1991) (noting that Rule 62 is no longer applicable to contested matters following the amendments to Fed. R. Bankr. P. 9014).

[3] The Court does not hold that Trustee cannot affirmatively seek a stay or other relief that may prohibit AGM from receiving the proceeds due to it under the Order; however, in this case, the Court declines to exercise its authority under § 105 to enter a stay as there is insufficient evidence in the record, and Trustee has not affirmatively sought a stay or other relief such as an injunction.

Based upon the foregoing, AGM's Motion is granted. The Order is not stayed by Trustee's Motion and requires Trustee to turnover funds in her escrow account to AGM pursuant to its terms.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
April 6, 2007